UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON BURNS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:19-CV-78 SRW |
| ) | |
| DAN REDINGTON,[1] ) | |
| ) | |
| Respondent(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Aaron Burns for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The State has filed a response. Petitioner did not file a reply, and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.    BACKGROUND**

In 2017, a jury convicted Petitioner of three counts of statutory rape and two counts of statutory sodomy. The Circuit Court of St. Louis City sentenced him to fifteen years imprisonment. Petitioner appealed his convictions to the Missouri Court of Appeals, Eastern District, who affirmed his convictions. Petitioner now seeks habeas relief before this Court.

**II.    STANDARD**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

---

[1] Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. *See Missouri Dept. Corr. Offender Search*, http://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited May 12, 2021). Dan Redington is the Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

1

States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the

2

state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### III. DISCUSSION

In his Petition, Petitioner raises one claim for relief. He argues his right to a speedy trial was violated when thirteen months elapsed between his arrest and his trial. The Missouri Court of Appeals denied Petitioner's direct appeal asserting this claim. The following facts are taken from its opinion. (ECF No. 8-5). [2]

On June 28, 2016, Petitioner was arrested. (ECF No. 8-5, at 2). He was charged on September 7, 2016 and arraigned on September 15. *Id*. On October 6, Petitioner filed a *pro se* motion for speedy trial. *Id*. The State responded the following day asking the trial court to place the case on a special docket to go to trial as soon as possible. *Id*. Trial was set for November 14, 2016. *Id*. On November 2, the trial court continued the case on its own motion to January 17, 2017. *Id*. On January 4, 2017, Petitioner sought a continuance due to incomplete discovery. *Id*. at 3. The trial court granted the motion and continued the trial to March 13. *Id*. On March 1, Petitioner and the State filed a joint motion to continue because a witness for the State would be unavailable for the trial set on March 13. The trial court granted the motion and continued the trial to May 1. *Id*.

On April 11, 2017, Petitioner filed a *pro se* motion for dismissal alleging his right to a speedy trial had been violated. *Id*. On April 19, the State sought a continuance of the trial date because the State's attorney would be on vacation on May 1. *Id*. The trial court granted the continuance over Petitioner's objection, moving the trial to June 19. *Id*. On May 30, Petitioner filed a second *pro se* motion for dismissal, again attempting to assert his right to a speedy trial.

---

[2] This Court presumes a state court's determination of a factual issue is correct. *See* 28 U.S.C. § 2254(e).

3

*Id*. On June 13, the State sought another continuance due to an unavailable witness. *Id*. The trial court granted the continuance over Petitioner's objection, moving the trial to August 14, 2017. *Id*. at 4. On August 11, Petitioner, through his counsel, filed a motion to dismiss with prejudice for violations of Petitioner's right to a speedy trial. *Id*. The trial court denied the motion. *Id*. Petitioner's jury trial began on August 14, 2017. *Id*.

In analyzing Petitioner's claim, the Court of Appeals applied the four-factor balancing test established in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). (ECF No. 8-5, at 5-10). The four factors are: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant resulting from the delay. *Id*. at 6. For the first factor, the Court of Appeals found the thirteen months between Petitioner's arrest and his trial was presumptively prejudicial. *Id*.

For the second factor, the court analyzed each continuance. It viewed the first continuance, on the trial court's own motion, as "a delay for neutral reasons," and weighed it slightly against the State. *Id*. at 7. The second delay, made at Petitioner's request, the court weighed heavily against Petitioner. *Id*. The third delay, a joint request but due to the unavailability of the State's witness, weighed slightly against the State. *Id*. at 7-8. The fourth delay was requested by the State due to the attorney's vacation. The court weighed this against the State only slightly because there was no evidence the delay was done to gain a strategic advantage or hinder the defense. *Id*. at 8. The final delay was requested by the State due to an unavailable witness; the court weighed this against the State but only slightly. *Id*. The Court of Appeals found, "[i]n the aggregate, the majority of the delay appears to be attributable to the State, but for reasons for which the State cannot be totally faulted." *Id*. It further found "nothing

4

in the record suggests that any of the delays were deliberate or done to hamper the defense for a strategic advantage." *Id*.

For the third factor, the court found Petitioner continuously asserted his right to a speedy trial. *Id*. at 8-9. With respect to the fourth and final factor, the court denied Petitioner's argument he was prejudiced by the delays because he failed to establish that he experienced any anxiety or concern, and he did not assert his incarceration was oppressive, or his defense was impaired by the delays. *Id*. at 9-10. The court concluded:

> In sum, the first and third Barker factors weigh in favor of Defendant because the delay of approximately thirteen months between his arrest and trial was presumptively prejudicial, and Defendant asserted his right to a speedy trial early in the proceedings and continuously. However, the second Barker factor weighs only slightly, if at all, in Defendant's favor because the reasons for the delay in bringing him to trial were either neutral or attributable to Defendant. Finally, the prejudice prong–the most important of the four Barker factors– weighted heavily against Defendant because he made no showing of any actual prejudice as a result of the delay. As such, in weighing all Barker factors together, we do not find that Defendant's right to a speedy trial was violated.

*Id*. at 10.

The Court of Appeals correctly identified the Supreme Court precedent governing this issue, *Barker v. Wingo*, and its decision was not an unreasonable application of that precedent. In *Barker*, the Supreme Court identified four factors to consider in determining if a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted the right to a speedy trial; and (4) the prejudice the defendant suffered because of the delay. *Underdahl v. Carlson*, 462 F.3d 796, 799 (8th Cir. 2006). "Because the *Barker* standard is a general, multi-factor standard, 'a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.'" *Taylor v. Roper*, 561 F.3d 859, 863 (8th Cir. 2009) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

5

Considering the four *Barker* factors, the delay in Petitioner's trial did not violate his constitutional rights. The first factor weighs in Petitioner's favor because the thirteen-month delay is presumptively prejudicial. *See Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (finding a 17-month delay presumptively prejudicial). The second factor does not support Petitioner because there is no evidence the State intentionally delayed the trial to gain a tactical advantage. The third factor weighs in Petitioner's favor because he did assert his right to a speedy trial on more than one occasion. The fourth factor weights against Petitioner because there is no evidence Petitioner was prejudiced by the delay. The record does not indicate Petitioner's defense was impaired because defense witnesses or evidence favorable to the defense became unavailable. Petitioner asserts he was anxious and concerned about his fate but provided no evidence of it. Finally, there is no evidence, or argument from Petitioner, of oppressive pretrial incarceration. *See Underdahl*, 462 F.3d at 799 (citing *Doggett v. United States*, 505 U.S. 647, 654 (1992)). Petitioner's right to a speedy trial was not violated by the thirteen-month delay between his arrest and trial. The Court of Appeals' decision is entitled to deference. Therefore, this Court will deny the Petition.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Aaron Burns for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Aaron Burn's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 12th day of May, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE